## Investment Finance Company v. Gimbel.

*Sloan, White & Sloan,* for claimant.

*Benjamin H. Levintow* and *Samuel E. Kratzok,* for execution creditor.

FERGUSON, P. J., December 31, 1930.—Judgment was obtained by Fannie Gimbel against Raymond M. Davis on February 28, 1929. On that day Raymond M. Davis drove an automobile to the office of the Investment Finance Company and negotiated with them for the re-financing of an encumbrance held by the Hurley Motor Company against the automobile. As a result, the Investment Finance Company ascertained the balance that was due the Hurley Motor Company, and the manager went to the office of the latter company and delivered a check to satisfy the indebtedness of Davis. The Hurley Motor Company, on the same day, marked the debt paid on the certificate of title held by Davis, opposite that part of the certificate which showed the encumbrance. Immediately thereafter Davis executed a bill of sale to the finance company and that company executed a lease back to Davis, calling for the payment of a monthly rental. During these arrangements the automobile stood at the curb outside the office of the finance company, and, upon the completion of the transaction, Davis entered his car and drove away.

The car was seized by the sheriff on an execution issued by Fannie Gimbel; the Investment Finance Company claimed ownership and an interpleader followed. Binding instructions were given for the defendant, Fannie Gimbel, in the interpleader proceedings. We think these instructions were proper. When any person purchases personal property and there is no delivery or change of possession, the title of the vendee will be postponed in favor of a subsequent *bona fide* purchaser or execution creditor: Clow *v.* Woods, 5 S. & R. 275; Bank of North America *v.* Penn Motor Car Co., 235 Pa. 194.

In this case the finance company never had possession of the automobile and all that took place between that company and Davis was a mere paper transaction. It necessarily follows that a creditor of Davis, whose judgment was entered on the same day, is entitled to proceed with her execution against the automobile, and judgment for plaintiff *non obstante veredicto* must be refused.